J-A28016-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CHAD BATTERMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SILVIA SANTO | : | No. 1900 EDA 2022 |

Appeal from the Order Entered June 23, 2022
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2019-06877 - Seq. #524

BEFORE: PANELLA, P.J., LAZARUS, J., and SULLIVAN, J.

JUDGMENT ORDER BY LAZARUS, J.: **FILED JANUARY 18, 2023**

Chad Batterman (Father) appeals from the order, entered in the Court of Common Pleas of Montgomery County, denying Father's Emergency Vaccination Petition. After our review, we affirm.

Father and Silvia Santo (Mother) were married in November 2014 and separated in November 2017. Mother and Father are the parents of C.B. and D.B. (Children), ages 5 and 3 years, respectively.[1] On February 12, 2018, the court entered an order granting the parties shared legal custody of Children, granting Mother primary physical custody, and granting Father partial physical custody (one day a week and every other weekend). *See* Order, 2/12/18. On May 3, 2019, the trial court entered a custody order granting Mother sole legal custody and primary physical custody of Children and granting Father

_____

[1] Father's petition pertains only to C.B.

partial physical custody of Children. *See* Order, 5/3/19. Following a protracted hearing, held in July 2021, the court entered a custody order granting Mother sole legal custody of Children, granting Mother primary physical custody of Children, and granting Father partial physical custody of Children (every Tuesday from 8:00 a.m., until Wednesday at 7:00 p.m., and every other weekend). *See* Order, 7/16/21. That order also stated: "Both Parents shall follow the medical, dental and educational advice provided to them, including the taking/non-taking or application/non-application of all medicines recommended[.]" *Id.* On March 9, 2022, the trial court amended that order to include that the parties "shall strictly comply with the 7/16/21 order, as amended by 3/9/22 order, **which provides Mother with sole legal custody to make final medical decisions with respect to the [C]hildren**." *See* Order, 6/23/22 (emphasis added).

This case has amassed hundreds of docket entries since 2017, primarily stemming from Father's efforts to obtain contempt orders against Mother. In this latest petition, Father sought a court order compelling Mother to take C.B. for a COVID-19 vaccination booster,[2] as recommended by C.B.'s pediatrician. Father contends Mother's failure to do so is willful non-compliance with the trial court's July 16, 2022 order. Although this Court does not opine on Mother's failure to abide by the recommendations of C.B.'s pediatrician and

---

[2] C.B. had received the COVID-19 vaccination.

Centers for Disease Control and Prevention (CDC),[3] the fact remains that Mother has sole legal custody to make final medical decisions for Children. *See id.* Accordingly, the court properly denied Father's request for relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/18/2023

---

[3] On October 12, 2022, updated (bivalent) boosters became available for children ages 5-11. The CDC recommends everyone stay up to date with COVID-19 vaccines for their age group, including children and teens ages 6 months-17 years. https://www.cdc.gov/coronavirus/2019-ncov/vaccines (last visited 12/23/22).